# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC.,<br>500 South Buena Vista Street<br>Burbank, California 91521,<br><br>WONDERLAND MUSIC COMPANY, INC.,<br>500 South Buena Vista Street<br>Burbank, California 91521,<br><br>CAMERON MACKINTOSH LTD.,<br>1 Bedford Square<br>London, United Kingdom WC1B 3RB,<br><br>MARVEL CHARACTERS, INC.,<br>1600 Rosecrans Avenue<br>Manhattan Beach, California 90266,<br><br>MUSIC THEATRE INTERNATIONAL, LLC,<br>421 West 54th Street, Second Floor<br>New York, New York 10019,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ENTERTAINMENT THEATRE GROUP d/b/a<br>AMERICAN MUSIC THEATRE,<br>2425 Lincoln Highway East<br>Lancaster, Pennsylvania 17602,<br><br>JAMES D. MARTIN,<br>2425 Lincoln Highway East<br>Lancaster, Pennsylvania 17602,<br><br>FREDERICK W. STEUDLER, JR.,<br>2425 Lincoln Highway East<br>Lancaster, Pennsylvania 17602,<br><br>DWIGHT H. BRUBAKER,<br>2425 Lincoln Highway East<br>Lancaster, Pennsylvania 17602,<br><br>        Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR<br>COPYRIGHT INFRINGEMENT;<br>TRADEMARK INFRINGEMENT;<br>UNFAIR COMPETITION;<br>PERMANENT INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF ACTION

1.  This is a lawsuit filed by world-renowned entertainment and licensing companies

in order to stop an unlicensed commercial stage performance and associated misuses of their

respective intellectual property rights.  Defendants' musical stage production, *Broadway: Now and Forever*, lifts key portions of Plaintiffs' movies and musical stage plays, and offers them to the public for paid admission.  Defendants' misuses are willful and have continued even after Plaintiffs contacted Defendants and asked that they stop their infringing conduct.

## PARTIES

2.      Plaintiff Disney Enterprises, Inc. ("DEI") is a corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business at Burbank, California.  DEI is a premier entertainment company and owner of numerous trademarks and copyright-protected works, including some of those at issue here, as shown on Exhibits A and B.

3.      Plaintiff Wonderland Music Company, Inc. ("Wonderland") is a corporation duly organized and existing under the laws of the State of California, having a principal place of business at Burbank, California.  Wonderland is a music publishing company that holds the copyrights to numerous musical compositions associated with DEI-owned motion pictures and musical stage plays, including some of the compositions at issue here, as shown in Exhibit A.

4.      Plaintiff Cameron Mackintosh Ltd. ("Mackintosh") is a limited company duly organized and existing under the laws of the United Kingdom, having a principal place of business in London, United Kingdom.  Mackintosh is a stage management and production company.  It owns the copyrights in the well-known musical stage play *Mary Poppins* jointly with Plaintiff DEI, as shown in Exhibit A.

5.      Plaintiff Marvel Characters, Inc. ("MCI") is a corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business at Manhattan Beach, California.  MCI owns numerous trademarks and copyright-protected works,

such as those associated with the world-famous and beloved Spider-Man character, some of which, upon information and belief, are at issue here and shown in Exhibits A and B.

6.     Plaintiff Music Theatre International, LLC ("MTI") d/b/a Music Theatre International is a limited liability company duly organized and existing under the laws of the State of Delaware, having a principal place of business at New York, New York.  MTI is an exclusive licensee in the U.S. for the rights to sublicense all stage performances of the *Mary Poppins* stage play, other than first-class performances.

7.     Upon information and belief, Defendant Entertainment Theatre Group, doing business as American Music Theatre, is a general partnership duly organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 2425 Lincoln Highway East, Lancaster, Pennsylvania 17602.

8.     Upon information and belief, Defendant James D. Martin is a general partner and the manager of day-to-day operations of Defendant Entertainment Theatre Group, residing in Lancaster, Pennsylvania.

9.     Upon information and belief, Defendant Frederick W. Steudler, Jr. is a general partner of Defendant Entertainment Theatre Group, residing in Conestoga, Pennsylvania.

10.     Upon information and belief, Defendant Dwight H. Brubaker is a general partner of Defendant Entertainment Theatre Group, residing in Hollidaysburg, Pennsylvania.

11.     Defendants Entertainment Theatre Group, Martin, Steudler, Jr., and Brubaker shall be hereafter collectively referred to as "AMT."

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 in that the First, Second, and Third Claims for Relief, for copyright

infringement, arise under the Copyright Act, 17 U.S.C. § 501; the Fourth and Fifth Claims for Relief, for registered trademark infringement, arise under the Lanham Act, 15 U.S.C. § 1114; and the Sixth, Seventh, and Eighth Claims for Relief, for unregistered trademark infringement and unfair competition, arise under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  The Ninth Claim for Relief, for unfair competition under Pennsylvania common law, is so related to the preceding claims for relief that it forms part of the same case or controversy, thereby giving this Court supplemental jurisdiction over this related state law claim under 28 U.S.C. §§ 1338(b) and 1367(a).

13.     Personal jurisdiction is proper as to Defendant Entertainment Theatre Group because, upon information and belief, Defendant maintains its principal place of business in the Commonwealth of Pennsylvania; Defendant does substantial business in the Commonwealth of Pennsylvania, including but not limited to the advertising and sale of tickets and merchandise for the stage production *Broadway: Now & Forever*—the subject matter of this action—to Pennsylvania residents; and the Defendant regularly solicits business from, does business with, and derives revenue from ticket and merchandise sales made to customers in the Commonwealth of Pennsylvania.

14.     Personal jurisdiction is proper as to Defendants Martin, Steudler, Jr., and Brubaker because, upon information and belief, they reside in the Commonwealth of Pennsylvania, and they conduct substantial business in the Commonwealth of Pennsylvania, including in their capacities as general partners of Defendant Entertainment Theatre Group.

15.     Venue is proper in this judicial district as to Defendant Entertainment Theatre Group, pursuant to 28 U.S.C. §§ 1391(b) and (c), in that, upon information and belief, Defendant is subject to personal jurisdiction in this judicial district and resides in this judicial district; it

4

conducts business in this judicial district; its infringing conduct has injured Plaintiffs within this judicial district; and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

16.     Venue is proper in this judicial district as to Defendants Martin, Steudler, Jr., and Brubaker, pursuant to 28 U.S.C. § 1391(b)(1)-(2) and (c), in that, upon information and belief, all Defendants in this action are residents of the Commonwealth of Pennsylvania, and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

<u>**FACTS COMMON TO ALL CLAIMS**</u>

I.      <u>**Plaintiffs' Intellectual Property.**</u>

      A.      ***Mary Poppins*.**

17.     Plaintiff DEI and Mackintosh's popular *Mary Poppins* musical stage play and DEI's 1964 *Mary Poppins* motion picture are original and highly creative, although based on the eponymous P.L. Travers novels.  Mackintosh alleges (and the other Plaintiffs allege upon information and belief) that Mackintosh is the exclusive licensee of all dramatic stage rights in the P.L. Travers *Mary Poppins* novels.  MTI is an exclusive licensee in the U.S. for the rights to sublicense all stage performances of the *Mary Poppins* musical stage play, other than first-class performances.

18.     The *Mary Poppins* musical stage play and motion picture tell the story of the title-character, a sharp-tongued English nanny with magical powers that enable her to fly with the aid of an umbrella.  Mary Poppins arrives one day at the home of the Banks family and becomes the caretaker of the family's two misbehaving children – a boy and a girl.  She proceeds to reform them as they experience a series of magical adventures on the streets of London, often in the company of Mary Poppins's chimneysweep friend, Bert.

19.     In Plaintiff DEI and Mackintosh's production of the stage play, there is a key scene in which the actress playing the title character is suspended by cables and appears to fly around the stage and over the audience with her umbrella open.  In another scene, Mary Poppins, Bert, the Banks children, and a gang of chimneysweeps dressed in black and wielding chimney brushes perform an elaborate dance routine while singing the song "Step in Time."

20.     Following a successful run on Broadway (including nearly six and one-half years of continuous performance at the New Amsterdam Theatre), the *Mary Poppins* professional stage production in New York closed in March 2013.  Licensed regional and international productions of *Mary Poppins* are still ongoing.

**B.      *The Lion King*.**

21.     Plaintiff DEI's popular musical stage play *The Lion King* and its 1994 motion picture of the same name are original and highly creative.

22.     *The Lion King* musical stage play and motion picture tell a story set in the "Pride Lands," an African wilderness where a pride of lions rules over the other animals.

23.     Professional and highly popular productions of DEI's stage play *The Lion King* have been running on Broadway since 1997 and touring many other cities since 2002.  Licensed regional and international productions of *The Lion King* are also ongoing.

**C.      *Spider-Man*.**

24.     MCI's Spider-Man is a world-famous Super Hero featured in comic books, animated and live-action motion pictures, and a musical stage play, *Spider-Man: Turn Off the Dark*.

25.     MCI's claims regarding Spider-Man are for misuse of the character's copyright-protected image and Spider-Man trademarks, which are used as set dressing, costumes, and advertising for AMT's infringing production of *Broadway: Now and Forever.*

## II.     <u>AMT's Infringing Conduct</u>.

26.     Upon information and belief, AMT is in the business of presenting live stage shows to paying audiences, generating additional revenue from refreshment and consumer goods sales before, during, and after the performances.  The subject infringing show is playing at AMT's Lancaster, Pennsylvania, theater which seats over 1,500 people.

27.     Upon information and belief, AMT began presenting the infringing show, *Broadway: Now and Forever*, earlier this year and has generated substantial revenue from it and the associated sale of goods and refreshments.  AMT uses Plaintiffs' trademarks, artwork, songs, and other properties both in the show and in the advertising for the show.

28.     Via its own website, AMT has stated an intent to draw paying audience members, and through "stunning costumes, lighting effects and staging immerse [them] in the full Broadway experience."  It has also publicly advertised the show as follows:

> Be our guest for the spectacular all-new AMT Original Show ***Broadway: Now & Forever***, and experience a larger-than-life theatrical compilation of unforgettable music from the hottest new blockbusters to all-time favorite classics. Immerse yourself in magnificent music from *Chicago, Mary Poppins, Mamma Mia, CATS, Billy Elliot, Les Misérables, Evita, The Lion King,* and many more.  Featuring heart-stopping vocal and dance talent from across the country, stunning artisan-crafted costumes, and the vibrant precision of our full, on-stage orchestra, ***Broadway: Now & Forever*** recreates the greatest moments ever on stage.

http://www.amtshows.com/Broadway-Now-and-Forever/.

29.     Upon information and belief, AMT's conduct is "willful" within the meaning of 17 U.S.C.  § 504(c)(2), and this case is "exceptional" within the meaning of 15 U.S.C. § 1117(a),

7

as shown in part by the fact that advertising for and performances of *Broadway: Now and Forever* are ongoing as of the date of filing this complaint, despite notice and repeated requests from Plaintiffs that the infringing uses be stopped.

30.     AMT advertises, promotes, and markets *Broadway: Now and Forever*, through various forms of media, using DEI-owned trademarks for *Mary Poppins* and *The Lion King*.  For example, in addition to AMT's website advertising, the lobby of AMT's theater contains or until very recently contained billboard signs that depict DEI's registered trademarks to promote *Broadway: Now and Forever*:

 

**A.     *Mary Poppins* Infringements.**

31.     AMT has been presenting and upon information and belief continues to present performances of four key, iconic songs (owned by Wonderland) from DEI's motion picture and DEI's and Mackintosh's musical stage play *Mary Poppins* (for which MTI is the exclusive master licensee for this type of performance): "Chim Chim Cheree," "Step in Time," "A Spoonful of Sugar," and "It's a Jolly Holiday."  The songs are performed by an actress portraying the Mary Poppins character in full costume (*e.g.*, a red overcoat with black lapels,

8

black buttons, and black trim, white blouse, tea-length purple skirt, floral hat, white gloves, black stockings, black shoes, carpetbag, and umbrella); two young children (a boy and a girl) portraying the Banks children wearing Victorian era costumes; an actor portraying Bert dressed in a dark grey chimneysweep's costume and carrying a chimney brush; and an ensemble of actors also wearing similar chimneysweep costumes and also wielding chimney brushes as similar characters do in both the motion picture and the stage play. A live orchestra plays in the middle of the stage. Artificial stage smoke is periodically emitted from near the orchestra stand to give the appearance of fog.

32.     During the *Mary Poppins* segment, the actress portraying Mary Poppins leads the children around the stage to create the effect of moving from one temporal event to another. Along with the actor portraying Bert, she sings the copyrighted musical works and performs choreographed dance routines throughout the segment. In between and during the songs, the characters recite non-lyrical dialogue that orient the audience with the plot of *Mary Poppins*. During the performance of "Step in Time," a group of at least eight actors and actresses dressed as chimneysweeps join Mary Poppins, Bert, and the children – all of whom are wearing the above-mentioned costumes – on stage to perform a choreographed dance routine. At the conclusion of the *Mary Poppins* segment, the actress portraying Mary Poppins is suspended by cables and appears to fly above the stage and over the audience with her umbrella open and purse in hand, while Bert, the children, and the chimneysweeps watch from the stage below, portraying important plot elements from the motion picture and stage play.

33.     The large video screen dressing the stage from behind, at various times, displays DEI's copyright-protected artwork and word and device marks for the *Mary Poppins* stage play. Smaller video screens to the left and right of the stage display DEI's copyright-protected artwork

and word and device marks for the *Mary Poppins* stage play throughout the performance of Wonderland's associated songs.

34.     Following are images taken from the *Mary Poppins* segment of a recent performance of AMT's infringing show, *Broadway: Now and Forever*:









**B.**   *The Lion King* **Infringements.**

35.     AMT has been presenting and upon information and belief continues to present

performances of two key, iconic songs (owned by Wonderland) from DEI's *The Lion King*

movie and musical stage play: "Can You Feel the Love Tonight" and "Circle of Life."   Both

songs are performed by male vocalists and female vocalists who are wearing costume-like

dresses, standing on stage in front of a live orchestra.  Four dancers periodically take the stage

throughout the performance.  They are dressed in flowing beige costumes and perform a

choreographed dance routine while the orchestra continues to perform the copyrighted musical works and the vocalists intermittently sing and look on from each side of the stage.

36.     A large video screen dresses the stage from behind and displays DEI's famous and iconic device mark for *The Lion King* stage play and scenic imagery of what appears to be the African wilderness, including depictions of sunsets, water, lions, giraffes, and other wildlife. Smaller video screens to the left and right of the stage display DEI's device mark for *The Lion King* stage play throughout the performances of the two Wonderland songs from DEI's *The Lion King* musical stage play.

37.     Following are images taken from *The Lion King* segment of a recent performance of AMT's infringing show, *Broadway: Now and Forever*:





**C.**     ***Spider-Man* Infringements.**

38.     AMT has been presenting and upon information and belief continues to present a performance of about six actor-dancers dressed in Spider-Man costumes performing a choreographed dance routine.

39.     A large video screen dressing the stage from behind, at various times displays animated video footage – upon information and belief from one or more of MCI's *Spider-Man* audio-visual works – of Spider-Man flying through a darkened city-scape and clinging to building façades with the aid of the character's special powers.  Smaller video screens to the left and right of the stage also display MCI-owned and copyright-protected images of Spider-Man throughout the performance.

40.     Following are images taken from the *Spider-Man: Turn Off the Dark* segment of a recent performance of AMT's infringing show,  *Broadway: Now and Forever*:





**D.      Individual Liability of Defendants Martin, Steudler, Jr., and Brubaker.**

41.      Defendants Martin, Steudler, Jr., and Brubaker, as general partners of Defendant Entertainment Theatre Group, are jointly and severally liable for AMT's unlawful and infringing conduct and for all debts and obligations chargeable to the general partnership, pursuant to 15 Pa. Cons. Stat. §§ 8325, 8327.

42.      Upon information and belief, Defendants Martin, Steudler, Jr., and Brubaker are otherwise jointly and severally liable for AMT's unlawful and infringing conduct because, at all

14

times relevant to this action, each Defendant had the right and ability to control AMT's conduct and received a direct financial benefit as a result of AMT's conduct.

       **E.**    **AMT's Infringements Are Willful.**

    43.    Neither Plaintiffs nor any one authorized to issue a license for the subject uses have granted any license to AMT for the subject uses.

    44.    In or about May 2013, MTI contacted AMT, pointing out that AMT's uses in the *Mary Poppins* segment were unlicensed and asking it to stop those uses.  AMT issued one or more letters back to MTI, but it did not stop the infringing uses.

    45.    On or about August 26, 2013, counsel for Plaintiffs DEI, Wonderland, and MCI arranged a phone call with counsel for AMT, explained the three Plaintiffs' objections to the infringing uses (this time with respect to all the segments at issue here, *Mary Poppins*, *The Lion King*, and *Spider-Man*), and again asked that AMT stop the infringements.  At AMT's request, counsel for the three Plaintiffs reduced the request to writing and sent that by email later that same day.  Counsel for AMT responded by letter dated August 30, but AMT did not agree to stop the infringing conduct.  As recently as Saturday, September 14, 2013, Plaintiffs are informed and believe that the infringing show is still being performed with no adjustments to the various infringing uses of Plaintiffs' respective properties except for the removal of two posters from the lobby.

    46.    Upon information and belief, AMT's infringing conduct is willful and was willful and knowing even before Plaintiffs reached out to AMT and asked it to stop the misconduct.

    47.    AMT's use of the protected materials is the same exact use of the works as those of Plaintiffs and is not transformative in any manner.  The protected works are creative works,

and AMT is usurping them in their entirety and negatively affecting the potential market for or value of the copyrighted works.

## FIRST CLAIM FOR RELIEF
**[Copyright Infringement of the *Mary Poppins* Works, Copyright Act, 17 U.S.C. § 501]**
**By All Plaintiffs Except MCI**

48.     Plaintiffs incorporate by reference the foregoing paragraphs and Exhibits A and B as if fully set forth herein.

49.     Plaintiffs DEI, Wonderland, and Mackintosh have duly registered and complied with all necessary formalities to protect the copyrights for the works covered in the U.S. copyright registrations for their respective properties associated with *Mary Poppins* as set forth in Exhibit A hereto.  Plaintiff MTI is an exclusive licensee in the U.S. for the rights to sublicense all stage performances of the *Mary Poppins* stage play, other than first-class performances.

50.     AMT has infringed and upon information and belief continues to infringe Plaintiffs' respective copyrights in the *Mary Poppins* works.

51.     As a result of AMT's infringing conduct, Plaintiffs have suffered, and will continue to suffer, substantial injury in the form of lost profits and damage to their business reputations and goodwill.  AMT's infringing conduct will continue to harm Plaintiffs, causing irreparable injury for which there is no adequate remedy at law, unless permanently enjoined by this Court pursuant to 17 U.S.C. § 502.

52.     Based on the foregoing, Plaintiffs are entitled to an award of actual monetary damages and any additional profits obtained as a result of AMT's copyright infringement, including but not limited to gross revenue from ticket sales, concessions sales, gift shop sales, and other ancillary sales, in an amount to be proven at trial, pursuant to 17 U.S.C. § 504(b).

Alternatively, if they so elect, Plaintiffs are entitled to an award of statutory damages, pursuant to 17 U.S.C. § 504(c).

53.     Upon information and belief, AMT's ongoing copyright infringement is willful and knowing.  Plaintiffs request that the Court allow recovery of the full costs of this action, including attorneys' fees, pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**[Copyright Infringement of *The Lion King* Works, Copyright Act, 17 U.S.C. § 501]**
**By Plaintiffs DEI and Wonderland Only**

54.     Plaintiffs incorporate by reference the foregoing paragraphs and Exhibits A and B as if fully set forth herein.

55.     Plaintiffs DEI and Wonderland have duly registered and complied with all necessary formalities to protect the copyrights for their respective works covered in the U.S. copyright registrations for *The Lion King* as set forth in Exhibit A hereto.

56.     AMT has infringed and upon information and belief continues to infringe the respective DEI and Wonderland copyrights in *The Lion King* works.

57.     As a result of AMT's infringing conduct, Plaintiffs DEI and Wonderland have suffered, and will continue to suffer, substantial injury in the form of lost profits and damage to their business reputations and goodwill.  AMT's infringing conduct will continue to harm DEI and Wonderland, causing irreparable injury for which there is no adequate remedy at law, unless permanently enjoined by this Court pursuant to 17 U.S.C. § 502.

58.     Based on the foregoing, Plaintiffs DEI and Wonderland are entitled to an award of actual monetary damages and any additional profits obtained as a result of AMT's copyright infringement, including but not limited to gross revenue from ticket sales, concessions sales, gift shop sales, and other ancillary sales, in an amount to be proven at trial, pursuant to 17 U.S.C. §

504(b).  Alternatively, if they so elect, DEI and Wonderland are entitled to an award of statutory

damages, pursuant to 17 U.S.C. § 504(c).

   59.  Upon information and belief, AMT's ongoing infringement of Plaintiff DEI and

Wonderland's copyrights is willful and knowing.  DEI and Wonderland request that the Court

allow them to recover the full costs of this action, including attorneys' fees, pursuant to 17

U.S.C. § 505.

**THIRD CLAIM FOR RELIEF**
**[Copyright Infringement of the *Spider-Man works*, Copyright Act, 17 U.S.C. § 501]**
**By Plaintiff MCI Only**

   60.  Plaintiffs incorporate by reference the foregoing paragraphs and Exhibits A and B

as if fully set forth herein.

   61.  Plaintiff MCI has duly registered and complied with all necessary formalities to

protect the copyrights for its respective works covered in the U.S. copyright registrations for

*Spider-Man* as set forth in Exhibit A hereto.

   62.  AMT has infringed Plaintiff MTI's copyrights in the Spider-Man works in

violation of 17 U.S.C. § 501.

   63.  As a result of AMT's infringing conduct, Plaintiff MCI has suffered, and will

continue to suffer, substantial injury in the form of lost profits and damage to its business

reputation and goodwill.  AMT's infringing conduct will continue to harm MCI, causing

irreparable injury for which there is no adequate remedy at law, unless permanently enjoined by

this Court pursuant to 17 U.S.C. § 502.

   64.  Based on the foregoing, Plaintiff MCI is entitled to an award of actual monetary

damages and any additional profits obtained as a result of AMT's copyright infringement,

including but not limited to gross revenue from ticket sales, concessions sales, gift shop sales,

18

and other ancillary sales, in an amount to be proven at trial, pursuant to 17 U.S.C. § 504(b).

Alternatively, if MCI so elects, it is entitled to an award of statutory damages, pursuant to 17

U.S.C. § 504(c).

65.    Upon information and belief, AMT's ongoing infringement of Plaintiff MCI's

copyrights is willful and knowing.  MCI requests that the Court allow it to recover the full costs

of this action, including attorneys' fees, pursuant to 17 U.S.C. § 505.

**FOURTH CLAIM FOR RELIEF**
**[Registered Trademark Infringement, Lanham Act, 15 U.S.C. § 1114]**
***The Lion King***
**By Plaintiff DEI Only**

66.    Plaintiffs incorporate by reference the foregoing paragraphs and Exhibits A and B

as if fully set forth herein.

67.    Plaintiff DEI holds a registered U.S. trademark covering use of the word and

device mark DISNEY PRESENTS THE LION KING THE BROADWAY MUSICAL used to

advertise, market, and promote *The Lion King* musical stage play, as set forth in Exhibit B

hereto.  The registered device mark is depicted below:



68.    AMT has infringed and continues to infringe Plaintiff DEI's trademark rights in

violation of 15 U.S.C. § 1114.  By its actions alleged above, AMT has used DEI's DISNEY

19

PRESENTS THE LION KING THE BROADWAY MUSICAL word and device trademark in connection with the sale, offering for sale, advertising, and performance of AMT's musical stage production *Broadway: Now and Forever* in a manner that has actually confused and/or is likely to cause confusion, to cause mistake, or to cause deception.  Among other infringements, AMT has used DEI's registered word mark in billboard signage and Internet advertising promoting *Broadway: Now and Forever.*  It also displays the registered word and device mark throughout its performance of *The Lion King* segment of *Broadway: Now and Forever.*

69.     As a result of AMT's infringing conduct, Plaintiff DEI has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained.  AMT's infringing conduct will continue to harm DEI, causing irreparable injury for which there is no adequate remedy at law, unless permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

70.     Based on the foregoing, Plaintiff DEI is entitled to enhanced monetary damages of up to three times the amount of DEI's actual damages and/or AMT's profits resulting from AMT's trademark infringement, in an amount to be proven at trial, and the costs of the action, pursuant to 15 U.S.C. § 1117.

71.     Upon information and belief, AMT's ongoing infringement of Plaintiff DEI's trademark rights is willful, knowing, calculated to deceive, and was undertaken in bad faith.  As a result, this Court should determine that this is an exceptional case and award DEI its attorneys' fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1117.

### FIFTH CLAIM FOR RELIEF
**[Registered Trademark Infringement, Lanham Act, 15 U.S.C. § 1114]**
***Mary Poppins***
**By Plaintiff DEI Only**

72.     Plaintiffs incorporate by reference the foregoing paragraphs and Exhibits A and B as if fully set forth herein.

73.     Plaintiff DEI holds a registered U.S. trademark covering use of the word mark MARY POPPINS used to advertise, market, and promote the *Mary Poppins* musical stage play, as set forth in Exhibit B hereto.

74.     AMT has infringed and continues to infringe DEI's trademark rights in violation of 15 U.S.C. § 1114.  By its actions alleged above, AMT has used DEI's MARY POPPINS trademark in connection with the sale, offering for sale, advertising, and performance of AMT's musical stage production *Broadway: Now and Forever* in a manner that has actually confused and/or is likely to cause confusion, to cause mistake, or to cause deception.  Among other infringements, AMT has used DEI's registered word mark in billboard signage and Internet advertising promoting *Broadway: Now and Forever*.  It also displays the registered word mark throughout its performance of the *Mary Poppins* segment of *Broadway: Now and Forever*.

75.     As a result of AMT's infringing conduct, Plaintiff DEI has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained.  AMT's infringing conduct will continue to harm DEI, causing irreparable injury for which there is no adequate remedy at law, unless permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

76.     Based on the foregoing, Plaintiff DEI is entitled to enhanced monetary damages of up to three times the amount of DEI's actual damages and/or AMT's profits resulting from

AMT's trademark infringement, in an amount to be proven at trial, and the costs of the action, pursuant to 15 U.S.C. § 1117.

77.    Upon information and belief, AMT's ongoing infringement of Plaintiff DEI's trademark rights is willful, knowing, calculated to deceive, and was undertaken in bad faith.  As a result, this Court should determine that this is an exceptional case and award DEI its attorneys' fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1117.

### SIXTH CLAIM FOR RELIEF
**[Unregistered Trademark Infringement, Lanham Act, 15 U.S.C. § 1125(a)(1)(A)]**
***Mary Poppins***
**By Plaintiff DEI Only**

78.    Plaintiffs incorporate by reference the foregoing paragraphs and Exhibits A and B as if fully set forth herein.

79.    For decades Plaintiff DEI has used in commerce and in connection with entertainment services the word mark MARY POPPINS and it has also used (since as early as May 2007) the device mark depicted below to advertise, market, and promote entertainment services in connection with performances of the DEI and Mackintosh-owned musical stage play *Mary Poppins*:



DEI's MARY POPPINS word and device marks have become recognized by the general public as identifying DEI as the source of the *Mary Poppins* entertainment services, in part due to extensive advertising and exposure for both the motion picture and the stage play. By its extensive use of the marks in commerce, DEI has obtained and continues to hold valid, legally protectable common law trademark rights in the MARY POPPINS word and device marks for entertainment services.

80.     AMT has infringed and continues to infringe DEI's trademark rights in violation of 15 U.S.C. § 1125(a)(1)(A). By its actions alleged above, AMT has used DEI's MARY POPPINS word and device trademarks in commerce and in connection with the sale, offering for sale, advertising, and performance of entertainment services in a manner that has actually confused and/or is likely to cause confusion, to cause mistake, or to cause deception (1) as to the affiliation, connection, or association of AMT and/or its entertainment services and/or show with DEI, and/or its motion picture and/or its stage play; (2) as to the origin, sponsorship, or approval by DEI of the infringing show *Broadway: Now and Forever*. Among other infringements, AMT displays the MARY POPPINS device trademark, which incorporates the word mark, throughout the performance of the *Mary Poppins* segment of the infringing show, *Broadway: Now and Forever*.

81.     As a result of AMT's infringing conduct, Plaintiff DEI has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained. AMT's infringing conduct will continue to harm DEI, causing irreparable injury for which there is no adequate remedy at law, unless permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

82.     Based on the foregoing, Plaintiff DEI is entitled to enhanced monetary damages of up to three times the amount of DEI's actual damages and/or AMT's profits resulting from AMT's trademark infringement, in an amount to be proven at trial, and the costs of the action, pursuant to 15 U.S.C. § 1117.

83.     Upon information and belief, AMT's ongoing infringement of Plaintiff DEI's trademark rights is willful, knowing, calculated to deceive, and was undertaken in bad faith.  As a result, this Court should determine that this is an exceptional case and award DEI its attorneys' fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1117.

### SEVENTH CLAIM FOR RELIEF
**[Unfair Trade Practices, Lanham Act, 15 U.S.C. § 1125]**
**By Plaintiff DEI Only**

84.     Plaintiffs incorporate by reference the foregoing paragraphs and Exhibits A and B as if fully set forth herein.

85.     AMT's conduct constitutes a violation of 15 U.S.C. § 1125.  It has presented and upon information and belief continues to present a collection of performances using famous DEI-owned properties in a way that has actually confused and/or is likely to cause confusion, to cause mistake, or to cause deception (1) as to the affiliation, connection, or association of AMT and/or its entertainment services or show with DEI, and/or (2) as to the origin, sponsorship, or approval by DEI of the infringing show, *Broadway: Now and Forever*.

86.     As a result of AMT's unfair competition, Plaintiff DEI has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained.  AMT's unfair competition will continue to harm DEI, causing irreparable injury for which there is no adequate remedy at law, unless permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

87.     Based on the foregoing, Plaintiff DEI is entitled to enhanced monetary damages of up to three times the amount of DEI's actual damages and/or AMT's profits resulting from AMT's unfair competition, in an amount to be proven at trial, and the costs of the action, pursuant to 15 U.S.C. § 1117.

88.     Upon information and belief, AMT's ongoing unfair competition is willful, knowing, calculated to deceive, and was undertaken in bad faith.  As a result, this Court should determine that this is an exceptional case and award DEI its attorneys' fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1117.

**EIGHTH CLAIM FOR RELIEF**
**[Unfair Trade Practices, Lanham Act, 15 U.S.C. § 1125(a)(1)(A)]**
*Spider-Man*
**By Plaintiff MCI Only**

89.     Plaintiffs incorporate by reference the foregoing paragraphs and Exhibits A and B as if fully set forth herein.

90.     AMT's conduct violates 15 U.S.C. § 1125.  It has presented and upon information and belief continues to present a commercial music and dance using iconic Spider-Man word and device marks, motion picture clips and other images as well as costumes (widely recognized as indicia of goods, services and entertainments provided by MCI) in a way that has actually confused and/or is likely to cause confusion, to cause mistake, or to cause deception (1) as to the affiliation, connection, or association of AMT and/or its services and/or show with MCI, and/or (2) as to the origin, sponsorship, or approval by MCI of the infringing show *Broadway: Now and Forever*.

91.     As a result of AMT's unfair competition, Plaintiff MCI has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained.  AMT's unfair

competition will continue to harm MCI, causing irreparable injury for which there is no adequate remedy at law, unless permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

92.     Based on the foregoing, Plaintiff MCI is entitled to enhanced monetary damages of up to three times the amount of MCI's actual damages and/or AMT's profits resulting from AMT's unfair competition, in an amount to be proven at trial, and the costs of the action, pursuant to 15 U.S.C. § 1117.

93.     Upon information and belief, AMT's ongoing unfair competition is willful, knowing, calculated to deceive, and was undertaken in bad faith.  As a result, this Court should determine that this is an exceptional case and award MCI its attorneys' fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1117.

**NINTH CLAIM FOR RELIEF**
**[Unfair Competition, Pennsylvania Common Law]**
***Mary Poppins*, *The Lion King*, and *Spider-Man***
**By Plaintiff DEI and MCI Only**

94.     Plaintiffs incorporate by reference the foregoing paragraphs and Exhibits A and B as if fully set forth herein.

95.     Plaintiff DEI owns the exclusive rights to use the registered and unregistered trademarks for *Mary Poppins* and *The Lion King*, identified in the preceding claims for relief, in connection with entertainment in the nature of live theater productions.  DEI's registered and unregistered trademarks for *Mary Poppins* and *The Lion King* have become recognized by the general public as identifying DEI as the source of the respective musical stage productions and related merchandise.  DEI has invested significant resources and undertaken extensive television, print, and online marketing efforts to advertise, market, and promote the *Mary Poppins* and *The Lion King* musical stage plays using the marks.  By its extensive use of the marks in commerce,

DEI has obtained and continues to hold valid, legally protectable common law trademark rights in the marks.

96.     AMT has engaged in unfair competition under Pennsylvania common law (1) by using DEI's registered and common law trademarks for *Mary Poppins* and *The Lion King*; and (2) by using in conjunction with uses of MCI-owned motion picture excerpts as well as word and device marks, Spider-Man costumes (well-known and widely recognized indicia of MCI-branded goods and services) during the performance of *Broadway: Now and Forever*, in a manner that has actually confused and/or is likely to confuse regarding the association or affiliation of AMT's musical stage production with DEI and/or MCI, and/or the sponsorship or endorsement of the infringing show by DEI and/or MCI.

97.     Upon information and belief, AMT's ongoing unfair competition is willful, knowing, calculated to deceive, and was undertaken in bad faith.

98.     As a result of AMT's unfair competition, Plaintiffs DEI and MCI have suffered, and will continue to suffer, substantial damage to their business reputations and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained.  AMT's unfair competition will continue to harm DEI and MCI, causing irreparable injury for which there is no adequate remedy at law, unless permanently enjoined by this Court.

99.     Based on the foregoing, Plaintiff DEI and MCI are entitled to their actual damages resulting from AMT's unfair competition, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and seek relief against Defendants, jointly and severally, as follows:

1.     For an order pursuant to Section 502 of the Copyright Act, 17 U.S.C. § 502; Section 34 of the Lanham Act, 15 U.S.C. § 1116; and/or Pennsylvania law that Defendant Entertainment Theatre Group, and its officers, agents, servants, employees, representatives, and all persons acting in concert or participation with any of them, including Defendants Martin, Steudler, Jr., and Brubaker, be permanently enjoined:

      a.     from committing any further acts that infringe upon Plaintiffs' copyrights, in connection with the marketing, advertising, or performance of either Defendants' musical stage production *Broadway: Now and Forever* or any other stage production produced or hosted by Defendants;

      b.     from committing any further acts that infringe upon Plaintiffs' trademark rights in connection with the marketing, advertising, or performance of either Defendants' musical stage production *Broadway: Now and Forever* or any other stage production produced or hosted by Defendants;

      c.     from committing any other acts calculated to cause purchasers to believe that Defendants' musical stage production *Broadway: Now and Forever* or any other stage production produced or hosted by Defendants is affiliated with, associated with, sponsored by, or endorsed by Plaintiffs; and

      d.     from competing unfairly with Plaintiffs in any manner.

2.     For a judgment that Defendants have willfully, knowingly, and deliberately committed acts of trademark infringement and copyright infringement and that this is an "exceptional case" under Section 35 of the Lanham Act, 15 U.S.C. 1117(a);

3.     For an award pursuant to Section 504 of the Copyright Act, 17 U.S.C. § 504, of Plaintiffs' actual monetary damages and any additional profits obtained as a result of

Defendants' copyright infringement, including but not limited to gross revenue from ticket sales, concessions sales, gift shop sales, and other ancillary sales, in an amount to be proven at trial; or if Plaintiffs elect, an award of statutory damages for Defendants' copyright infringements with respect to the copyrighted works in a sum of not less than $1,650,000, as the Court considers just;

      4.     For an award pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, of up to three times the amount of Plaintiff DEI's and MCI's actual monetary damages and/or Defendants' profits resulting from Defendants' trademark infringement and unfair competition, in an amount to be proven at trial, and the costs of the action;

      5.     For an award pursuant to Pennsylvania law of Plaintiff DEI's and MCI's actual monetary damages resulting from Defendants' unfair competition;

      6.     For an award of Plaintiffs' attorneys' fees, costs, and disbursements incurred in prosecuting this action, pursuant to Section 505 of the Copyright Act, 17 U.S.C. § 505, and/or Section 35 of the Lanham Act, 15 U.S.C. 1117(a); and

      7.     For such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues, claims, and causes of action appropriately

tried to a jury.

Dated: September 24, 2013

Respectfully submitted,

By: _____

Wilson M. Brown, III (Pa. ID No. 25486)
Michael Metz-Topodas (Pa. ID No. 207740)
**DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103-6996
Tel:  (215) 988-2718
Fax:  (215) 988-2757

*Of counsel*:
Joshua J. Kaufman (*pro hac* to be filed)
David D. Conway (*pro hac* to be filed)
**VENABLE LLP**
575 Seventh Street, N.W.
Washington, D.C. 20004
Tel: (202) 344-8538
Fax: (202) 344-8300

*Attorneys for Plaintiffs Disney Enterprises,*
*Inc.; Wonderland Music Company, Inc.;*
*Cameron Mackintosh Ltd.; Marvel Characters,*
*Inc.; and Music Theatre International, LLC*