## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

DISNEY ENTERPRISES, INC.; WONDERLAND
MUSIC COMPANY, INC.; CAMERON
MACKINTOSH LTD.; MARVEL CHARACTERS,
INC.; and MUSIC THEATRE INTERNATIONAL,
LLC,

                Plaintiffs

     v.

ENTERTAINMENT THEATRE GROUP d/b/a
AMERICAN MUSIC THEATRE; JAMES D.
MARTIN; FREDERICK W. STEUDLER, JR.; and
DWIGHT H. BRUBAKER,

             Defendants, and

STAN LEE MEDIA, INC.

             Defendant/Intervenor.

Civ. No. 5:13-cv-05570(JLS)

-----------------------------------------------------------------x

ENTERTAINMENT THEATRE GROUP d/b/a
AMERICAN MUSIC THEATRE,

             Counterclaim-Plaintiff, and

STAN LEE MEDIA, INC.

             Counterclaim-Plaintiff/Intervenor.

     v.

DISNEY ENTERPRISES, INC.; and MARVEL
CHARACTERS, INC.,

             Counterclaim-Defendants

**ORDER**

-----------------------------------------------------------------x

AND NOW, this _____ day of _____, 2014, upon consideration of

Plaintiffs and Counterclaim-Defendants Disney Enterprises, Inc. ("Disney") and Marvel

Characters, Inc. ("Marvel")'s Motion pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules

of Civil Procedure to: (1) dismiss Defendant Entertainment Theatre Group d/b/a American Music

Theatre ("AMT")'s amended counterclaims with prejudice; (2) dismiss Intervenor Stan Lee

Media, Inc. ("SLMI")'s Intervenor Complaint with prejudice; and (3) strike certain amended affirmative defenses asserted by AMT, James D. Martin, Frederick W. Steudler, Jr., and Dwight H. Brubaker (collectively, "Defendants"),

It is hereby ORDERED that said motion is GRANTED, and that:

(1)     The amended counterclaims filed by AMT against Disney and Marvel are dismissed with prejudice.

(2)     SLMI's Intervenor Complaint is likewise dismissed with prejudice.

(3)     The First Affirmative Defense pleaded by Defendants is stricken in its entirety and may not be asserted as a defense to Plaintiffs' Complaint.  And,

(4)     The remaining Affirmative Defenses pleaded by Defendants, to the extent they rely on SLMI's purported ownership of Spider-Man, are stricken and may not be asserted as a defense to Plaintiffs' Complaint.

_____

Jeffrey L. Schmehl, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

DISNEY ENTERPRISES, INC.; WONDERLAND
MUSIC COMPANY, INC.; CAMERON
MACKINTOSH LTD.; MARVEL CHARACTERS,
INC.; and MUSIC THEATRE INTERNATIONAL,
LLC,

          Plaintiffs

      v.

ENTERTAINMENT THEATRE GROUP d/b/a
AMERICAN MUSIC THEATRE; JAMES D.
MARTIN; FREDERICK W. STEUDLER, JR.; and
DWIGHT H. BRUBAKER,

          Defendants, and

STAN LEE MEDIA, INC.

          Defendant/Intervenor.

------------------------------------------------------------------x

ENTERTAINMENT THEATRE GROUP d/b/a
AMERICAN MUSIC THEATRE,

          Counterclaim-Plaintiff, and

STAN LEE MEDIA, INC.

          Counterclaim-Plaintiff/Intervenor.

      v.

DISNEY ENTERPRISES, INC.; and MARVEL
CHARACTERS, INC.,

          Counterclaim-Defendants

------------------------------------------------------------------x

Civ. No. 5:13-cv-05570(JLS)

**PLAINTIFFS' MOTION TO
DISMISS AMENDED
COUNTERCLAIMS AND
INTERVENOR COMPLAINT AND
TO STRIKE AMENDED
AFFIRMATIVE DEFENSES**

      Plaintiffs and Counterclaim-Defendants Disney Enterprises, Inc. ("Disney") and Marvel

Characters, Inc. ("Marvel"), by their undersigned attorneys, hereby move pursuant to Rules

12(b)(6) and 12(f) of the Federal Rules of Civil Procedure to: (1) dismiss Defendant

Entertainment Theatre Group d/b/a American Music Theatre ("AMT")'s amended counterclaims

with prejudice; (2) dismiss Intervenor Stan Lee Media, Inc. ("SLMI")'s Intervenor Complaint

with prejudice; and (3) strike certain amended affirmative defenses asserted by AMT, James D.

Martin, Frederick W. Steudler, Jr., and Dwight H. Brubaker (collectively, "Defendants").

The reasons supporting this motion are set forth in the accompanying filings incorporated

herein by reference: (1) Memorandum of Law; and (2) Declaration of Randi W. Singer, with

Exhibits 1-8.

**PLAINTIFFS RESPECTFULLY REQUEST ORAL ARGUMENT ON THIS**

**MOTION.**

Dated: February 14, 2014              By:    /s/ Wilson M. Brown

Wilson M. Brown, III (Pa. ID. No. 25486)
Wilson.Brown@dbr.com

Tonia Ann Patterson (Pa. ID. No. 312851)
Tonia.Patterson@dbr.com

**DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103-6996
Tel:  (215) 988-2718
Fax:  (215) 988-2757

James W. Quinn (admitted *pro hac vice*)
James.Quinn@weil.com

R. Bruce Rich (admitted *pro hac vice*)
Bruce.Rich@weil.com

Randi W. Singer (admitted *pro hac vice*)
Randi.Singer@weil.com

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000

*Attorneys for Plaintiffs Disney Enterprises,*
*Inc.; Wonderland Music Company, Inc.;*
*Cameron Mackintosh Ltd.; Marvel Characters,*
*Inc.; and Music Theatre International, LLC*

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

## CERTIFICATE OF SERVICE

I, Wilson M. Brown, III, hereby certify that on the date set forth below I caused a true and correct copy of the foregoing *Plaintiffs' Motion to Dismiss Amended Counterclaims and Intervenor Complaint and to Strike Amended Affirmative Defenses*, including all support ing documents and form of order to be filed electronically and be available for viewing and downloading from the Court's electronic filing system (CM/ECF) by the following:

Camille M. Miller, Esq.
Melanie A. Miller, Esq.
Cozen O'Conner
1900 Market Street
Philadelphia, PA  19103
Phone: (215) 665-2000
Fax: (215) 665-2273
MMiller@cozen.com
CMiller@cozen.com

*Attorneys for Defendants Entertainment Theatre Group, James D. Martin, Frederick W. Steudler, Jr., and Dwight H. Brubaker*

David E. Landau
Robert M. Palumbos
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Phone: (215) 979-1000
Fax: (215) 979-1020
landau@duanemorris.com
rmpalumbos@duanemorris.com

*Attorneys for Intervenor Stan Lee Media, Inc.*

Dated: February 14, 2014

/s/ Wilson M. Brown
Wilson M. Brown, III, Esq.
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

DISNEY ENTERPRISES, INC.; WONDERLAND
MUSIC COMPANY, INC.; CAMERON
MACKINTOSH LTD.; MARVEL CHARACTERS,
INC.; and MUSIC THEATRE INTERNATIONAL,
LLC,

                  Plaintiffs

      v.

ENTERTAINMENT THEATRE GROUP d/b/a
AMERICAN MUSIC THEATRE; JAMES D.
MARTIN; FREDERICK W. STEUDLER, JR.; and
DWIGHT H. BRUBAKER,

            Defendants, and

STAN LEE MEDIA, INC.

            Defendant/Intervenor.

-----------------------------------------------------------------x

ENTERTAINMENT THEATRE GROUP d/b/a
AMERICAN MUSIC THEATRE,

            Counterclaim-Plaintiff, and

STAN LEE MEDIA, INC.

            Counterclaim-Plaintiff/Intervenor.

      v.

DISNEY ENTERPRISES, INC.; and MARVEL
CHARACTERS, INC.,

            Counterclaim-Defendants

-----------------------------------------------------------------x

Civ. No. 5:13-cv-05570(JLS)

**MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS'
MOTION TO DISMISS AMENDED
COUNTERCLAIMS AND
INTERVENOR COMPLAINT AND
TO STRIKE AMENDED
AFFIRMATIVE DEFENSES**

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................4

ARGUMENT ........................................................................................................9

I.  Applicable Legal Standards ......................................................................9

II. AMT's Counterclaims and SLMI's Intervenor Complaint Fail to State a Claim Upon Which Relief Can Be Granted ................................................10

    A. *Res Judicata* Bars SLMI's Intervenor Claims and AMT's Counterclaims..........11

        1. *Abadin I* Was a Final Judgment On the Merits.......................11

        2. *Abadin I* Involved the Same Parties and Their Privies.........................112

        3. The Instant Suit Involves the Same Cause of Action As *Abadin I* .........114

    B. Collateral Estoppel Also Bars SLMI's Intervenor Claims and AMT's Counterclaims.......................................14

    C. SLMI's Intervenor Claims and AMT's Counterclaims Are Time-Barred............16

    D. AMT's Counterclaims Fail Because SLMI Is an Administratively Dissolved Corporation That Lacks the Capacity To License AMT ....................19

CONCLUSION.....................................................................................................20

US_ACTIVE:\44417450\8\79593.0037

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadin v. Marvel Entm't, Inc.*,
   No. 09 Civ. 0715 (PAC), 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) ......................*passim*

*Abadin v. Marvel Entm't, Inc.*,
   No. 10-1717 (2d Cir. Sept. 16, 2010)...................................................................7

*Anspach v. City of Phila.*,
   380 F. App'x 180 (3d Cir. 2010) .......................................................................15

*Arena v. McShane*,
   150 F. App'x 165 (3d Cir. 2005) .......................................................................16

*Brand v. RMM*,
   No. 10 Civ. 0287 (AJP), 2011 U.S. Dist. LEXIS 42599 (S.D.N.Y. Apr. 18, 2011)..............17

*Buck v. Hampton Twp. Sch. Dist.*,
   452 F.3d 256, 260 (3d Cir. 2006).........................................................................4

*Butler v. Hartlaub*,
   No. 1:08–cv–02240, 2012 WL 174962 (M.D. Pa. Jan. 20, 2012) .........................................16

*Davis v. Blige*,
   505 F.3d 90 (2d Cir. 2007) ...............................................................................10

*DeCarlo v. Archie Comic Publ'ns, Inc.*,
   127 F. Supp. 2d 497 (S.D.N.Y.), *aff'd*, 11 F. App'x 26 (2d Cir. 2001) .................................17

*E.E.O.C. v. Creative Playthings, Ltd.*,
   375 F. Supp. 2d 427 (E.D. Pa. 2005)....................................................................9

*Elkadrawy v. Vanguard Group, Inc.*,
   584 F.3d 169 (3d Cir. 2009) ..............................................................................12

*Hoppe v. Percheron Assocs., LLC*,
   No. 11-cv-03233-CBS, 2012 WL 3135378 (D. Colo. Aug. 1, 2012) ....................................19

*J & J Sports Prods., Inc. v. Gonzalez*,
   Civ. No. 12-6313, 2013 WL 6022225 (E.D. Pa. Nov. 14, 2013) ...........................................9

*Jackson v. Dow Chem. Co.*,
   902 F. Supp. 2d 658 (E.D. Pa. 2012), *aff'd*, 518 F. App'x 99 (3d Cir. 2013) .......................14

ii

*Kwan v. Schlein*,
   634 F.3d 224 (2d Cir. 2011) .................................................................................... 18

*Lee v. Marvel Enters., Inc.*,
   471 F. App'x 14 (2d Cir. 2012) ............................................................................ 8, 12

*Lee v. Marvel Enters., Inc.*,
   765 F. Supp. 2d 440 (S.D.N.Y. 2011), *aff'd,* 471 F. App'x 14 (2d Cir. 2012).............. *passim*

*Lottie Joplin Thomas Trust v. Crown Publishers, Inc.*,
   456 F. Supp. 531 (S.D.N.Y. 1977) ......................................................................... 19

*Louisiana Pac. Corp. v. James Hardie Bldg. Prods., Inc.*,
   No. C-12-3433 SC, 2012 WL 5520394 (N.D. Cal. Nov. 14, 2012)....................... 10

*Marvel Characters, Inc. v. Kirby*,
   726 F.3d 119 (2d Cir. 2013) ............................................................................ 4, 12, 19

*Nash v. Jilles*,
   No. 07-03985, 2007 WL 2844823 (E.D. Pa. Sept. 28, 2007).............................. 16

*O'Leary v. Liberty Mut. Ins. Co.*,
   923 F.2d 1062 (3d Cir. 1991)................................................................................ 15

*Pennington v. Wells Fargo Bank, N.A.*,
   947 F. Supp. 2d 529 (E.D. Pa. 2013)..................................................................... 9

*Pension Trust Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.*,
   730 F.3d 263 (3d Cir. 2013) ................................................................................... 9

*Ritchie v. Williams*,
   395 F.3d 283 (6th Cir. 2005) ............................................................................... 17

*Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*,
   477 F.3d 383 (6th Cir. 2007) ............................................................................... 18

*The Rogers and Hammerstein Organization et. al. v. Brubaker et al.*,
   No. 5:13-cv-05660-LS (E.D. Pa. Sept. 26, 2013) ................................................. 1

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*,
   181 F.3d 410 (3d Cir. 1999) .................................................................................. 4

*Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*,
   733 F.3d 1251 (9th Cir. 2013) ............................................................................. 18

*Shah v. United States*,
   No. 13–2383, 2013 WL 5421992 (3d Cir. Sept. 30, 2013) .................................. 9

US_ACTIVE:\44417450\8\79593.0037

*Sims v. Viacom, Inc.*,
  No. 13-1567, 2013 WL 6018840 (3d Cir. Nov. 14, 2013) .............................................. 11, 12

*Stan Lee Media Inc. v. Lee*,
  No. 2:07-cv-00225-SVW-SSx, 2012 WL 4048871 (C.D. Cal. Aug. 23, 2012) ............. *passim*

*Stan Lee Media, Inc. v. Walt Disney Co.*,
  No. 12-cv-2663-WJM-KMT, 2013 WL 4776026 (D. Colo. Sept. 5, 2013) .................... *passim*

*Taggart v. Chase Bank USA, N.A.*,
  375 F. App'x 266 (3d Cir. 2010) ........................................................................................ 12

*Taylor v. Sturgell*,
  553 U.S. 880 (2008) ..................................................................................................... 13, 15

*TruePosition, Inc. v. LM Ericsson Tel. Co.*,
  --- F. Supp. 2d ----, Civ. No. 11-4574, 2013 WL 5567576 (E.D. Pa. Oct. 9, 2013) ................ 9

*Warren Gen. Hosp. v. Amgen Inc.*,
  643 F.3d 77 (3d Cir. 2011) ................................................................................................... 9

*William A. Graham Co. v. Haughey*,
  568 F.3d 425 (3d Cir. 2009) .............................................................................................. 17

*Zuill v. Shanahan*,
  80 F.3d 1366 (9th Cir. 1996) ............................................................................................ 18

**Statutes**

17 U.S.C. § 507(b) ................................................................................................................... 16

Colo. Rev. Stat. § 7-114-105 (2013) ................................................................................. 19, 20

**Other Authorities**

19 Am. Jur. 2d Corporations § 2485 ..................................................................................... 20

18A C. Wright, *Fed. Practice & Procedure* § 4462 ............................................................... 13

Fed. R. Evid. 201(b)(2) ............................................................................................................ 4

iv

Plaintiffs and Counterclaim-Defendants Disney Enterprises, Inc. ("Disney") and Marvel

Characters, Inc. ("Marvel") submit this memorandum in support of their motion pursuant to

Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure to: (1) dismiss Defendant

Entertainment Theatre Group d/b/a American Music Theatre ("AMT")'s amended counterclaims

with prejudice; (2) dismiss Intervenor Stan Lee Media, Inc. ("SLMI")'s Intervenor Complaint

with prejudice; and (3) strike certain amended affirmative defenses asserted by AMT, James D.

Martin, Frederick W. Steudler, Jr., and Dwight H. Brubaker (collectively, "Defendants").

## **INTRODUCTION**

This action began as a straightforward copyright and trademark infringement case over a

musical theatre production.  Plaintiffs own and manage intellectual properties from the hit

Broadway musicals *Mary Poppins*, *The Lion King*, and *Spider-Man Turn Off the Dark*.  AMT

willfully lifted copyrighted portions of these three productions—as well as many others[1]—and

used them without permission in its commercial stage production, *Broadway: Now and Forever*.

AMT also used Plaintiffs' famous trademarks to promote the show.

That simple case has now been transmogrified.  AMT has conspired with SLMI to

relitigate issues utterly irrelevant to this dispute by asserting that it has a license from SLMI to

use the Spider-Man character.  SLMI is actually a dissolved company whose sole activity

appears to be litigating—and repeatedly losing—claims that it owns the copyrights to characters

that Marvel has owned and openly exploited for decades, including Spider-Man.  *See, e.g.*, *Stan

Lee Media, Inc. v. Walt Disney Co.*, No. 12-cv-2663-WJM-KMT, 2013 WL 4776026, at *4 (D.

---

[1] The Rogers and Hammerstein Organization and other plaintiffs have brought a separate
copyright infringement case against AMT for using portions of "The Producers," "West Side
Story," "Annie," "Les Miserables," "Jesus Christ Superstar," "Joseph and the Amazing
Technicolor Dreamcoat," "Evita," "Cats," and "The Phantom of the Opera" in *Broadway: Now
and Forever*.  *See The Rogers and Hammerstein Organization et. al. v. Brubaker et al.*, No. 5:13-
cv-05660-LS (E.D. Pa. Sept. 26, 2013).  We are informed by AMT's counsel that they have
settled this matter.

Colo. Sept. 5, 2013) (holding that SLMI "is precluded from re-litigating the issue of its ownership of copyrights" to Marvel characters).

AMT originally counterclaimed for a declaratory judgment that a license it secured from SLMI only *after* Plaintiffs brought this lawsuit authorized its past and future uses of Spider-Man, as well as other unspecified "Non Spider-Man Characters" that do not even appear in *Broadway: Now and Forever* (collectively, the "Marvel Characters").  AMT also filed an obviously collusive third-party "complaint" against SLMI seeking like relief.  To boot, SLMI "answered" AMT's third-party complaint by admitting all of AMT's factual allegations and asserting a third-party counterclaim for the same declaratory judgment against Disney and Marvel.

On December 9, 2013, Plaintiffs notified AMT and SLMI's counsel that Rule 11 sanctions and attorney's fees under Section 505 of the Copyright Act and pursuant to 28 U.S.C. § 1927 for the unreasonable and vexatious multiplication of proceedings would be available to Plaintiffs unless AMT and SLMI withdrew their pleadings.[2]  One week later, Plaintiffs moved to dismiss AMT's counterclaims and SLMI's third-party claims.  *See* ECF No. 52.  The next business day, AMT and SLMI stipulated to the dismissal of their claims regarding the Non Spider-Man Characters and the third-party complaint.  *See* Stipulation of Dismissal Without Prejudice of Third Party Complaint, ECF No. 53; Notice of Dismissal Without Prejudice of Rule 14(a) Claims, ECF No. 54.

Instead of opposing the remainder of Plaintiffs' motion to dismiss, AMT filed an Amended Answer, Affirmative Defenses, and Counterclaims, ECF No. 55 ("Amended Answer" or "AMT Counterclaims," as appropriate), in which it again asserts the supposed retroactive protection of a purported license from SLMI—obtained only after Plaintiffs' lawsuit was

---

[2] Plaintiffs continue to reserve the right to seek sanctions and fees.

commenced—as an affirmative defense to its willful infringement of the Spider-Man character.[3] And, working again in concert with SLMI, AMT renews its counterclaims alleging that SLMI, not Marvel, owns the copyrights to Spider-Man.  SLMI—realizing that it could not credibly pretend to be AMT's adversary—simultaneously moved to intervene and attached an Intervenor Complaint against Marvel requesting a declaratory judgment that SLMI owns the copyrights to Spider-Man.  *See* Motion to Intervene of Stan Lee Media, Inc., ECF No. 56.

Neither AMT's Counterclaims nor SLMI's Intervenor Complaint mention that SLMI was administratively dissolved under Colorado law in 2002 and therefore could not have granted the license in issue as a matter of law.  But a much more fundamental issue dooms AMT's "license" and SLMI's copyright ownership claims: *four* federal courts have already held that SLMI "is precluded from re-litigating the issue of its ownership of copyrights based on the 1998 Agreement."  *Stan Lee Media, Inc. v. Walt Disney Co.*, 2013 WL 4776026, at *4; *see also Stan Lee Media Inc. v. Lee*, No. 2:07-cv-00225-SVW-SSx, 2012 WL 4048871, at *7 (C.D. Cal. Aug. 23, 2012); *Lee v. Marvel Enters., Inc.*, 765 F. Supp. 2d 440, 444-45 (S.D.N.Y. 2011), *aff'd*, 471 F. App'x 14, 17 (2d Cir. 2012); *Abadin v. Marvel Entm't, Inc.*, No. 09 Civ. 0715 (PAC), 2010 WL 1257519, at *7 (S.D.N.Y. Mar. 31, 2010) ("*Abadin I*") (collectively, the "Dismissed SLMI Cases").  There is no basis for SLMI and AMT's belief that this Court will contradict the decisions of two district courts in New York, one in California, and one in Colorado by holding that SLMI *does* own the Marvel Characters.  These decisions are *res judicata* and definitively foreclose SLMI and AMT from using this Court as a *fifth* forum for re-litigating SLMI's failed ownership claims—particularly given that the Second Circuit has recently affirmed that Marvel

---

[3] A copy of the purported license from SLMI is filed as an Appendix to the present motion. Because Defendants have marked that license "Confidential – Attorney Eyes Only," it is filed under seal pursuant to the Protective Order entered by the Court (ECF No. 61).

has held the copyrights to these characters since Marvel commissioned them in the 1960s. *See Marvel Characters, Inc. v. Kirby*, 726 F.3d 119 (2d Cir. 2013).

Moreover, even if not precluded by the Dismissed SLMI Cases, the underlying claim advanced by both AMT and SLMI that SLMI owns the subject copyrights has long been time-barred under the Copyright Act's three-year statute of limitations. Indeed, SLMI has known since its earliest transactions personally with Stan Lee that Marvel had asserted adverse claims of ownership and continually and openly exploited its characters, including Spider-Man, from their moment of creation as works made for hire in the 1960s. SLMI's claim thus has been time-barred for over a decade, and it cannot resurrect that claim by the pretext of "granting" a purported later-in-time license to AMT, nor as an implied claim that Marvel itself is infringing SLMI's copyrights. If SLMI cannot claim to own the rights to the Marvel Characters, it cannot lawfully license them to AMT or anyone else.

## BACKGROUND

For more than 40 years until 1998, Stan Lee was a full-time employee of Marvel and its predecessors, during which time Marvel created Spider-Man, Iron Man, The Incredible Hulk, Thor, The X-Men, The Avengers, and other iconic comic book characters.[4] *See Lee v. Marvel Enters., Inc.*, 765 F. Supp. 2d at 444-45; AMT Counterclaims ¶¶ 5, 9; SLMI Intervenor

---

[4] The facts are drawn from the Defendants' Amended Answer, Affirmative Defenses And Counterclaims, ECF No. 55; SLMI's Intervenor Complaint, ECF No. 60; documents incorporated by reference; and documents of which this Court may take judicial notice. On a motion to dismiss, a court may take judicial notice of pleadings and documents filed and decisions made in other federal courts. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.,* 181 F.3d 410, 426-27 (3d Cir. 1999); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201(b)(2). Certain of such judicially noticeable documents are attached as exhibits to the Declaration of Randi W. Singer, dated February 14, 2014 ("Singer Decl.").

Complaint ¶¶ 4, 11.  Stan Lee Entertainment, Inc. ("SL Entertainment"), the alleged corporate predecessor of SLMI, was formed after Lee's full-time employment with Marvel ended.  *See Lee v. Marvel Enters., Inc.*, 765 F. Supp. 2d at 444-45; AMT Counterclaims ¶ 5; SLMI Intervenor Complaint ¶¶ 4-5.  In October 1998, Lee entered into an agreement with SL Entertainment (the "1998 Agreement").  AMT Counterclaims ¶ 5 & Ex. A; SLMI Intervenor Complaint ¶ 4.  Lee terminated the 1998 Agreement for material breach in January 2001.  *See* AMT Counterclaims Ex. A ¶¶ 4(b) & (c); Singer Decl. Ex. 1.

Six years later, SLMI and various others acting in its name commenced a series of lawsuits against Marvel and Lee, asserting that SLMI owned copyrights in the Marvel Characters pursuant to the 1998 Agreement.  Three actions were lodged against Marvel Entertainment, Inc. (the Marvel parent company at that time) in the Southern District of New York, while the others were filed against Lee, his production company and business associates and were consolidated into a single action in the Central District of California.  *See* AMT Counterclaims ¶ 12; SLMI Intervenor Complaint ¶¶ 19-20.  Most recently, SLMI sued The Walt Disney Company in Colorado.  *See* AMT Counterclaims ¶ 12; SLMI Intervenor Complaint ¶¶ 19-20; *Stan Lee Media, Inc. v. Walt Disney Co.*, 2013 WL 4776026.

In all of these cases, SLMI falsely contended that the 1998 Agreement included a grant of rights in characters that Lee had co-created during his exclusive employment with Marvel.[5]  As a

---

[5] In *Abadin I*, SLMI alleged that it was "the assignee of Lee, pursuant to the [1998] Agreement, of any and all of Lee's creations and characters" and that it obtained "certain property" through the assignment in the same 1998 Agreement at issue here, relating to, among other things, "various world famous characters created by Lee" that were incorporated into "'Marvel' movies ('X-Men,' 'Spider Man 1, 2 and 3,' 'The Incredible Hulk,' 'Fantastic Four,' 'Iron Man,' and 'Daredevil'."  *See* Singer Decl. Ex. 2 ¶¶ 24-27, 47, 49, 51-52, 106-121.  In its attempt to intervene in *Lee v. Marvel Enterprises*, SLMI asserted that the 1998 Agreement "conveyed to SLMI's predecessor in interest copyright interests supposedly owned by Lee in characters he had created or co-created as a Marvel employee."  765 F. Supp. 2d at 445.  In *Stan Lee Media Inc. v.*

5

result, each of the Dismissed SLMI Cases adjudicated (and rejected) the same claim of ownership under the 1998 Agreement on which SLMI and AMT base their claims here. *See* AMT Counterclaims ¶¶ 4-5, 9, 16-17, 26, 28; SLMI Intervenor Complaint ¶¶ 4, 11, 17-18, 22-24.

The first substantive disposition came in a shareholders' derivative action in the Southern District of New York. *See Abadin I*, 2010 WL 1257519, at *7.[6] In his March 2010 ruling, Judge Crotty recounted the efforts of SLMI and others on its behalf to raise identical issues of copyright ownership in several courts and admonished that the time had finally come to "bring this matter to a close," *id.* at *6 n.5, because:

> The transaction [underlying SLMI's claims] is now more than a decade old. Plaintiffs have been attempting to initiate the proceeding in this Court now for more than three years; in Colorado Supreme Court for more than half a decade; for three years in the U.S. District Court for the Central District of California; and in a bankruptcy proceeding involving SLMI, which began in February, 2001 and continued to December, 2006. There has also been class action litigation in the Central District of California involving these same parties, as well as a settlement thereof. Moreover, one of the princip[al] instigators of litigation involving SLMI is a convicted felon who manipulated SLMI's stock. Finally, the proposed amended pleading is the fourth such pleading dealing with SLMI's allegations against Marvel and Lee here in the Southern District [of New York]. . . . Given the pleading history . . . , it is now time to call a halt.

---

*Lee*, SLMI alleged that the "1998 Assignment transferred to SLMI all intellectual property rights that Lee might have, 'now or in the future,' which includes . . . the following: (a) Lee's intellectual property rights in characters authored by Lee, such as Spider-Man, The Incredible Hulk, The X-Men, The Fantastic Four, Iron Man, Thor, Daredevil, and many other characters." Singer Decl. Ex. 3 ¶ 2; *see also id.* ¶¶ 24, 27, 63-65. Likewise, SLMI's complaint in *Stan Lee Media, Inc. v. Walt Disney Co.* alleged that SLMI owned rights in "comic book characters . . . that [Lee] had previously created or would create in the future," including Iron Man, The X-Men, The Avengers and Spider-Man, based on the 1998 Agreement. *Id.* Ex. 4 ¶¶ 1, 4, 9.

[6] Abadin filed a duplicative derivative suit in California, Singer Decl. Ex. 5, where all related proceedings were subsequently stayed pending resolution of the New York litigations. *Id.* Exs. 6-7.

*Id.* at *4.

Judge Crotty dismissed the complaint with prejudice, expressly holding that the "copyright claim" was "barred by the statute of limitations and the doctrine of laches and estoppel." *Id.* Rejecting the plaintiffs' argument that the copyright limitations period should be tolled, Judge Crotty found that Marvel's alleged conduct was "neither secret nor clandestine; but rather open and notorious." *Id.* at *6 n.5. In other words, despite AMT and SLMI's assertions in their pleadings, Judge Crotty *did* in fact address the separate, distinct and independent federal statute of limitations for a copyright claim.

SLMI abandoned its appeal of that ruling (even after the Second Circuit allowed additional time to cure the default)[7] and instead asserted the same copyright ownership claim in a separate proceeding, seeking to intervene in an unrelated case and vacate a judgment in a long-settled dispute between Marvel and Stan Lee over a financial provision of Stan Lee's employment contract. Judge Sweet denied SLMI's motion on numerous grounds, including that it was untimely—as SLMI had waited more than five years after the judgment was entered—and that *res judicata* barred the claim following Judge Crotty's decision. *Lee v. Marvel Enters., Inc.*, 765 F. Supp. 2d 440 (S.D.N.Y. 2011). The court held that:

> The pattern of litigation undertaken by [SLMI] the purported "real parties in interest," described above, and the timing of these proceedings indicate that the purpose of this application to vacate the Orders in this action … is to assert a new claim relating back to the initiation of this action in order to avoid Judge Crotty's ruling that this new claim is time-barred. That purpose does not invoke equity or establish clean hands.

*Id.* at 452. SLMI appealed, and on March 21, 2012, the United States Court of Appeals for the

---

[7] *See* Order at 1-2, *Abadin v. Marvel Entm't, Inc.*, No. 10-1717 (2d Cir. Sept. 16, 2010) (ordering that the "case is deemed in default" but allowing two additional weeks to file Appellants' brief); Order, *Abadin v. Marvel Entm't, Inc.*, No. 10-1717 (2d Cir. Oct. 15, 2010) (dismissing appeal for "failure to file brief and appendix").

Second Circuit affirmed the district court's dismissal of SLMI's motion.  *Lee v. Marvel Enters.*, 471 F. App'x 14 (2d Cir. 2012).

Having failed in two separate actions before two different federal judges in New York, SLMI then tried again in California, asserting the same copyright ownership claim grounded in identical allegations.  The court there denied SLMI's claims on *res judicata* grounds based on *Abadin I*, explicitly rejecting SLMI's contention that it was not bound by the New York shareholder-derivative litigation.  *Stan Lee Media Inc. v. Lee*, 2012 WL 4048871, at *4-7 (holding that SLMI was in privity with the *Abadin I* plaintiffs for purposes of *res judicata*).

Undeterred, SLMI next targeted Marvel's parent corporation, The Walt Disney Company, with a new suit in the U.S. District Court for the District of Colorado.  *Stan Lee Media, Inc. v. Walt Disney Co.*, 2013 WL 4776026, at *1.  But this transparent attempt to pursue the same claim against a different entity also failed; the District Court in Colorado became the fourth to reject SLMI's copyright claims, holding that "[SLMI] is precluded from re-litigating the issue of its ownership of copyrights based on the 1998 Agreement, which issue was decided against it in *Abadin*."  *Id.* at *4.  In so doing, the court noted that SLMI "has tried time and time again to claim ownership of those [Marvel Characters]; the litigation history arising out of the 1998 Agreement stretches over more than a decade and at least six courts."  *Id.*

Now, SLMI has recruited AMT to assist in yet another effort to re-litigate its failed claims of copyright ownership based on the 1998 Agreement.  After Plaintiffs sued here, SLMI purported to grant AMT an "exclusive license to use Spider-Man and all copyrights and trademarks associated therewith" in connection with stage and theatrical productions in order to provide AMT with a putative defense to some of Plaintiffs' infringement claims.  AMT Counterclaims ¶¶ 4, 17-18.

8

<u>ARGUMENT</u>

I.    <u>APPLICABLE LEGAL STANDARDS</u>

A motion to dismiss under Rule 12(b)(6) should be granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).  This standard applies equally to AMT's counterclaims and SLMI's intervenor claims.  *See, e.g.*, *Pennington v. Wells Fargo Bank, N.A.*, 947 F. Supp. 2d 529, 533 (E.D. Pa. 2013) (addressing motion to dismiss counterclaims); *E.E.O.C. v. Creative Playthings, Ltd.*, 375 F. Supp. 2d 427, 430-431 (E.D. Pa. 2005) (addressing motion to dismiss intervenor complaint).  Where the Court finds that a claim fails as a matter of law under the doctrines of *res judicata* or collateral estoppel, the court may dismiss it.  "Although *res judicata* is an affirmative defense for a defendant to plead, Fed.R.Civ.P. 8(c), dismissal [under Rule 12(b)(6)] may be appropriate when it is obvious, either from the face of the pleading or from other court records, that an affirmative defense such as *res judicata* will necessarily defeat the claim."  *Shah v. United States*, No. 13–2383, 2013 WL 5421992, at *2 (3d Cir. Sept. 30, 2013) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).  Similarly, claims may be dismissed where the pleadings or other court records show they are time-barred by the applicable statute of limitations.  *See, e.g.*, *Pension Trust Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.*, 730 F.3d 263, 271 (3d Cir. 2013).

Rule 12(f) authorizes the court to strike immaterial, impertinent, or scandalous pleadings. *J & J Sports Prods., Inc. v. Gonzalez*, Civ. No. 12-6313, 2013 WL 6022225, at *2 (E.D. Pa. Nov. 14, 2013).  Where, as here, an affirmative defense "rest[s] on the same legal grounds as . . . [a] legally-insufficient Counterclaim[]," the affirmative defense fails as a matter of law and should be stricken.  *TruePosition, Inc. v. LM Ericsson Tel. Co.*, --- F. Supp. 2d ----, Civ. No. 11-4574, 2013 WL 5567576, at *8-9 (E.D. Pa. Oct. 9, 2013).

9

## II. AMT'S COUNTERCLAIMS AND SLMI'S INTERVENOR COMPLAINT FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Hoping that this Court will depart from the rulings of four of its predecessors, SLMI and AMT ask this Court to declare that, pursuant to the 1998 Agreement, SLMI holds the copyrights to Spider-Man, a character that Marvel has owned and openly exploited for more than fifty years. *See* SLMI Intervenor Complaint ¶¶ 22-24; AMT Counterclaims ¶¶ 21, 29. Based on SLMI's purported ownership of those characters, AMT also seeks a declaration that it has a "valid and legally enforceable" license from SLMI to the copyrights in the Spider-Man character in connection with stage and theatrical productions. AMT Counterclaims ¶ 21. But, as a matter of law, SLMI cannot claim to own the Marvel Characters and lacks the capacity to license them to AMT. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 2013 WL 4776026, at *4 (holding that SLMI is "precluded from asserting its alleged ownership of copyrights under the 1998 Agreement"); *Stan Lee Media Inc. v. Lee*, 2012 WL 4048871, at *7; *Lee v. Marvel Enters., Inc.*, 765 F. Supp. 2d at 456; *Abadin I*, 2010 WL 1257519, at *7. Simply put, a copyright owner "may not convey more than he owns." *Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007). Thus, SLMI's intervenor claims and AMT's counterclaims fail as a matter of law and should be dismissed. Likewise, to the extent that Defendants' affirmative defenses rely on SLMI's purported ownership of Spider-Man, those defenses should be stricken from the Amended Answer.[8]

---

[8] SLMI and AMT contend that SLMI owns not only copyrights but also "trademarks" in Spider-Man. SLMI Intervenor Complaint ¶ 16; AMT Counterclaims ¶¶ 4-5. To the extent SLMI or AMT intends to assert any trademark claims against Disney and Marvel, those claims similarly would fail as a matter of law. To begin with, neither SLMI nor AMT specifically *identifies* even a single trademark at issue. *See Louisiana Pac. Corp. v. James Hardie Bldg. Prods., Inc.*, No. C-12-3433 SC, 2012 WL 5520394, at *1 (N.D. Cal. Nov. 14, 2012) (requiring plaintiff to "identify every trademark which was allegedly infringed," and dismissing complaint that "identifie[d] only three of the allegedly infringed marks and [left] Defendant to guess at the others"). Moreover, Judge Crotty specifically considered and dismissed prior trademark claims by SLMI. *Abadin I*, 2010 WL 1257519 at *6. Accordingly, as with the copyright claims detailed below, any trademark claims concerning Spider-Man would be barred by *res judicata*.

A.    **_Res Judicata_ Bars SLMI's Intervenor Claims and AMT's Counterclaims**

SLMI's intervenor claims and AMT's counterclaims are barred by r*es judicata* (or claim preclusion), which precludes re-litigation of a claim if there has been "(1) a final judgment on the merits in a prior suit involving, (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Sims v. Viacom, Inc.*, No. 13-1567, 2013 WL 6018840, at *2 (3d Cir. Nov. 14, 2013) (citing *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).  Because all three elements are satisfied here, SLMI's intervenor claims and AMT's counterclaims should be dismissed, and Defendants' affirmative defenses should be stricken to the extent they rely on SLMI's precluded claims of copyright ownership.

1.    *Abadin I*  Was a Final Judgment On the Merits

The *Abadin I* litigation before Judge Crotty in the Southern District of New York produced a final judgment on the merits in March 2010.  There, SLMI's shareholders brought a derivative action against Marvel Entertainment, Inc., seeking to compel Marvel to account for profits on the theory that SLMI, not Marvel, owned the Marvel Characters pursuant to the 1998 Agreement.  *See Abadin I*, 2010 WL 1257519, at *1; Singer Decl. Ex. 2 ¶¶ 24-27, 43, 47, 49, 51-52, 106-121.  Judge Crotty granted Marvel Entertainment's motion to dismiss, holding that SLMI's claims of copyright ownership were barred by the statute of limitations and the doctrines of laches and estoppel, and that the time had finally come to "bring this matter to a close." *Abadin I*, 2010 WL 1257519, at *7.  Judge Crotty specifically considered SLMI's "copyright claim," and found it to be "barred by the statute of limitations and the doctrine of laches and estoppel." *Abadin I*, 2010 WL 1257519, at *6.[9]

---

[9] Judge Crotty also found that California state law precluded SLMI from attempting to enforce the terminated employment contract beyond its term, and that the various applicable statutes of limitations barred SLMI's trademark and other claims. *Abadin I*, 2010 WL 1257519, at *5-7.

A dismissal based on statute of limitations is a final judgment on the merits for purposes of *res judicata*. *See Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (holding that prior dismissal based on the statute of limitations was a judgment on the merits, and plaintiff's claims therefore were precluded); *Taggart v. Chase Bank USA, N.A.*, 375 F. App'x 266, 268 (3d Cir. 2010) (same). Indeed, when SLMI continued to press its copyright ownership claims in three other federal actions, all three cases were dismissed on the basis that *Abadin I* was *res judicata*. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 2013 WL 4776026, at *4; *Stan Lee Media Inc. v. Lee*, 2012 WL 4048871, at *7; *Lee v. Marvel Enters., Inc.*, 765 F. Supp. 2d at 456. SLMI cemented the preclusive effect of Judge Crotty's ruling in *Abadin I* when it abandoned its appeal there.[10]

### 2. *Abadin I* Involved the Same Parties and Their Privies

This case and *Abadin I* involve "the same parties or their privies." *Sims*, 2013 WL 6018840, at *2. Marvel was a party to both litigations, defending its rights to the Marvel Characters.[11] And SLMI is in privity with the shareholders who brought *Abadin I* as a derivative action. *See Stan Lee Media Inc. v. Lee*, 2012 WL 4048871, at *4-7 (applying *res judicata* against SLMI's claims to the Marvel Characters based on prior derivative action by SLMI's shareholders); *Lee v. Marvel Enterprises, Inc.*, 765 F. Supp. 2d at 456 (same). Having twice lost

---

[10] SLMI has previously asserted that the Second Circuit's decision not to reach the question of res judicata in affirming Judge Sweet's decision (which denied SLMI's attempt to vacate the *Lee v. Marvel Enterprises* judgment) somehow negated the preclusive effect of Judge Crotty's decision in *Abadin I*. *See* Answer of Third-Party Defendant at 12-13, ¶ 38, ECF No. 50 (discussing *Lee v. Marvel Enters., Inc.*, 471 F. App'x 14 (2d Cir. 2012)). Such assertions are simply wrong. In fact, two federal courts recognized *Abadin I*'s preclusive effect even after the Second Circuit's decision. *Stan Lee Media, Inc. v. Walt Disney Co.*, 2013 WL 4776026, at *4; *Stan Lee Media Inc. v. Lee*, 2012 WL 4048871, at *7.

[11] Marvel Characters, Inc. is indirectly wholly owned by Marvel Entertainment LLC, which is the successor by merger to Marvel Entertainment, Inc., formerly known as Marvel Enterprises, Inc. *See* Appellees' Rule 26.1 Disclosure Statement, *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119 (2d Cir. Jan. 13, 2012) (No. 11-3333), ECF No. 47.

12

its arguments against privity, SLMI did not even contest the issue before Judge Martinez in Colorado.  *See Stan Lee Media, Inc. v. Walt Disney Co.*, 2013 WL 4776026, at *3 (SLMI "does not contest that it was a party to the case Defendant claims is preclusive [*Abadin I*]").  Thus, SLMI's intervenor claims here unquestionably involve the same parties or their privies.

AMT's counterclaims also involve the same parties or their privies as *Abadin I.*  Though AMT was not a party to the Dismissed SLMI Cases, SLMI and AMT cannot avoid the preclusive effect of those judgments by using AMT to re-litigate SLMI's failed ownership claims.  The Supreme Court has ruled that a "party bound by a judgment may not avoid its preclusive force by relitigating through a proxy."  *Taylor v. Sturgell*, 553 U.S. 880, 895 (2008).  Yet, that is precisely what SLMI is attempting to do here by allegedly licensing Spider-Man to AMT.

AMT's "exclusive license" (AMT Counterclaims ¶ 4) puts AMT into SLMI's shoes for purposes of the "same parties or privies analysis" by making AMT the beneficial owner of SLMI's alleged copyrights.  Because SLMI is precluded from claiming copyright ownership, so too is AMT.  *See Taylor*, 553 U.S. at 894 (recognizing that "nonparty preclusion may be justified based on a variety of pre-existing substantive legal relationships . . . [including] assignee and assignor") (internal quotation marks and citation omitted).  Simply put, SLMI had no rights to convey to AMT, and AMT cannot defend this action by (or predicate its counterclaim on) asserting rights that SLMI itself cannot assert.  To conclude otherwise would permit SLMI to achieve indirectly what it has been barred from achieving directly: the ability to commercially exploit copyrights it does not own.  *See* 18A C. Wright, *Fed. Practice & Procedure* § 4462 (to hold otherwise "would be to deny the victor any assurance of repose and expose every judgment to defeat by simple conveyance").

13

3.      The Instant Suit Involves the Same Cause Of Action As *Abadin I*

*Abadin I* involved the same cause of action at issue here.  Causes of action are the same for purposes of *res judicata* when they "arise out of the same transaction or occurrence." *Jackson v. Dow Chem. Co.*, 902 F. Supp. 2d 658, 672 (E.D. Pa. 2012), *aff'd*, 518 F. App'x 99, 102 (3d Cir. 2013).  Just like the claims in *Abadin I*, AMT's counterclaims and SLMI's intervenor claims here are based on SLMI's assertion that it has valid copyright ownership claims arising out of the 1998 Agreement.  *See* AMT Counterclaims ¶¶ 4-5, 9, 16-17, 26, 28; SLMI Intervenor Complaint ¶¶ 4, 11, 17-18, 22-24; *supra* n.4.  Though AMT and SLMI have argued that the relief sought in *Abadin I* was "solely in connection with three post-1998 characters,"[12] subsequent federal courts have uniformly held otherwise.  Indeed, Judge Martinez expressly rejected SLMI's contention that *Abadin I* did not address the characters now at issue, holding that *Abadin I* "involve[d] the issue of whether the 1998 Agreement gave [SLMI] ownership of copyrights to comic book characters created by Lee" and that "the *Abadin* court determined that [SLMI] was barred from exercising the copyrights conferred upon it in the 1998 Agreement."  *Stan Lee Media, Inc. v. Walt Disney Co.*, 2013 WL 4776026, at *4.

As Judge Wilson in the Central District of California observed last year, with every bit as much pertinence here, "the public interest in *res judicata* is at its zenith in this case."  *Stan Lee Media Inc. v. Lee*, 2012 WL 4048871, at *7.

**B.      Collateral Estoppel Also Bars SLMI's Intervenor Claims and AMT's Counterclaims**

Collateral estoppel (or issue preclusion) is a second, independent bar to SLMI's intervenor claims, AMT's counterclaims, and Defendants' affirmative defenses that rely on re-litigating SLMI's purported ownership of Spider-Man.  Collateral estoppel bars successive

---

[12] Defendants' Answer, Affirmative Defenses, and Counterclaims at 24, ¶ 17, ECF No. 24; Answer of Third-Party Defendant at 11, ¶ 30, ECF No. 50.

litigation of an issue of fact or law "even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892.  It applies when: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Anspach v. City of Phila.*, 380 F. App'x 180, 183 (3d Cir. 2010).  This case satisfies all four elements.

First, as detailed above, the issue presented by SLMI's intervenor claims and AMT's counterclaims is identical to that previously adjudicated in the Dismissed SLMI Cases: whether SLMI, or those acting on its behalf, can assert any rights to the Marvel Characters arising out of the 1998 Agreement.  *See supra* at 14.  Indeed, as recently as September 2013, Judge Martinez of the District of Colorado dismissed SLMI's claims against Disney as collaterally estopped, holding that the court "cannot allow [SLMI] to re-litigate its claim to ownership of those [Marvel] copyrights" based on the 1998 Agreement.  *Stan Lee Media, Inc. v. Walt Disney Co.*, 2013 WL 4776026, at *4.  As Judge Martinez explained, all of the prior actions likewise "involve . . whether the 1998 Agreement gave [SLMI] ownership of the copyrights to comic book characters created by Lee," and "the *Abadin* court determined that [SLMI] was barred from exercising the copyrights conferred upon it in the 1998 Agreement."  *Id.*

Second, this issue was actually litigated in all four Dismissed SLMI Cases, with vigorous briefing on both sides.  *See O'Leary v. Liberty Mut. Ins. Co.*, 923 F.2d 1062, 1066 (3d Cir. 1991) ("An issue is 'actually litigated' when it 'is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined.'") (quoting Restatement (Second) of Judgments § 27 cmt. d (1982)).  Judge Crotty determined the issue in granting Marvel's motion to dismiss, holding that SLMI's attempt to assert ownership of the Marvel Characters based on the 1998

Agreement was time-barred.  *Abadin I*, 2010 WL 1257519, at *6-7; *see also Arena v. McShane*, 150 F. App'x 165, 167 (3d Cir. 2005) ("[A]n issue can be actually litigated 'on a motion to dismiss for failure to state a claim . . . .'") (quoting Restatement (Second) of Judgments § 27 cmt. d (1982)); *Nash v. Jilles*, No. 07-03985, 2007 WL 2844823, at *2 (E.D. Pa. Sept. 28, 2007) (holding that dismissal for failure to state a claim is a final judgment for collateral estoppel purposes).  Three subsequent courts likewise rejected SLMI's contention that it owns the Marvel Characters pursuant to the 1998 Agreement.  *See Stan Lee Media, Inc. v. Walt Disney Co.*, 2013 WL 4776026, at *4; *Stan Lee Media Inc. v. Lee*, 2012 WL 4048871, at *7; *Lee v. Marvel Enters.*, 765 F. Supp. 2d at 456.

Third, the determination that SLMI could not claim ownership of the Marvel Characters was "necessary" to all four prior decisions because it was each court's precise basis for dismissing the action.  A determination is "necessary" when the "final outcome hinges on it." *Butler v. Hartlaub*, No. 1:08–cv–02240, 2012 WL 174962, at *4 (M.D. Pa. Jan. 20, 2012) (quoting *Bobby v. Bies*, 556 U.S. 825, 835 (2009)).

Fourth, the interests of both SLMI and AMT were fully represented in the Dismissed SLMI Cases by SLMI, which fought to establish precisely the same copyright ownership rights on which the counterclaims now hinge.  *See supra* at 5-8, 11-13 (detailing SLMI's prior litigation of its purported ownership rights); *supra* at 13 (explaining that AMT is the alleged successor-in-interest to SLMI's ownership rights).  Like *res judicata*, *see supra* at 10-14, collateral estoppel binds both SLMI and its purported licensee, AMT.

## C.   SLMI's Intervenor Claims and AMT's Counterclaims Are Time-Barred

Even if SLMI and AMT's claims were not precluded by the Dismissed SLMI Cases, they would be barred by the Copyright Act's three-year statute of limitations.  *See* 17 U.S.C. § 507(b). Under the Copyright Act, a claim accrues when the plaintiff discovers, or with due diligence

16

should have discovered, the injury that forms the basis for the claim.  *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433, 437 (3d Cir. 2009).  Thus, in cases such as this where ownership is the core issue in dispute, the statute of limitations begins to run when the plaintiff discovered or should have discovered an adverse claim of ownership of the copyrights at issue.  *E.g.*, *Ritchie v. Williams*, 395 F.3d 283, 288 n. 5 (6th Cir. 2005); *Brand v. RMM*, No. 10 Civ. 0287 (AJP), 2011 U.S. Dist. LEXIS 42599, at *12-13 (S.D.N.Y. Apr. 18, 2011) (ownership claim triggered upon "express assertion of adverse ownership or a plain and express repudiation of plaintiff's ownership") (internal quotation marks omitted).

Marvel and its affiliates and licensees have continuously and notoriously used the Marvel Characters for more than fifty years in a variety of media, including comic books, television programs, and blockbuster motion pictures.  SLMI certainly knew (and AMT should have known) from these uses, among other sources, that any claim SLMI purportedly had to exclusive ownership of the Marvel Characters was disputed.  *See Abadin I*, 2010 WL 1257519, at *6 n.5 (plaintiffs had knowledge of their claim where Marvel's conduct "was neither secret nor clandestine; but rather open and notorious"); *DeCarlo v. Archie Comic Publ'ns, Inc.*, 127 F. Supp. 2d 497, 507-08 (S.D.N.Y.), *aff'd*, 11 F. App'x 26 (2d Cir. 2001) (copyright ownership claim time-barred where plaintiff knew defendant claimed ownership of comic book characters and did nothing).  In fact, SLMI's putative ownership claim accrued the very moment it executed the 1998 Agreement, which explicitly referred to Lee's employment agreement with Marvel, putting SLMI on notice that Lee's contributions to the Marvel Characters were made as work for hire, and thus owned by Marvel.  *See* AMT Counterclaims Ex. A ¶ 2.  At the very latest, SLMI had express notice that its claim of ownership had been negated in 2001, when Lee terminated the 1998 Agreement for material breach and expressly reclaimed any rights purportedly

17

conferred therein.  *See* AMT Counterclaims Ex. A ¶¶ 4(b) & (c); Singer Decl. Ex. 1.  Any

ownership claim by SLMI thus expired no later than 2004, nearly ten years before SLMI filed its

Intervenor Complaint.[13]

      To the extent SLMI is attempting to state a claim for copyright infringement, *see* SLMI

Intervenor Complaint ¶ 23 (alleging "MCI's express allowance that others exploit and use of

Spider-Man . . . without SLMI's consent, violates the exclusive rights belonging to SLMI as the

owner of the copyrights in the Characters"), that claim, too, must fail.  Three circuit courts have

agreed that where the gravamen of a copyright infringement claim is one of copyright ownership,

the ownership issue is dispositive and if the ownership claim is time-barred then the concomitant

infringement claim also is barred.  *See Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*

*PLC*, 733 F.3d 1251, 1255 (9th Cir. 2013) ("[W]here the gravamen of a copyright infringement

suit is ownership, and a freestanding ownership claim would be time-barred, any infringement

claims are also barred."); *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) ("Where, as here,

the ownership claim is time-barred, and ownership is the dispositive issue, any attendant

infringement claims must fail."); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d

383, 389-90 (6th Cir. 2007) ("When claims for both infringement and ownership are alleged, the

infringement claim is timely only if the corresponding ownership is also timely.").  AMT and

SLMI accordingly cannot resurrect their clearly time-barred assertions that SLMI purportedly

owns the copyrights in question by dressing up their claims as one for infringement.

---

[13] This conclusion is the only equitable one, for it is plainly unfair "to allow the putative [owner] to lie in the weeds for years after his claim has been repudiated, while large amounts of money are spent developing a market for the copyrighted material, and then pounce on the prize after it has been brought in by another's effort.  'Delay under such circumstances allows the [putative] owner to speculate without risk with the other's money."  *Zuill v. Shanahan*, 80 F.3d 1366, 1370-71 (9th Cir. 1996) (quoting *Haas v. Leo Feist, Inc.*, 234 F. 105, 108 (S.D.N.Y. 1916) (Learned Hand, J.) (alteration in original)).

Finally, AMT and SLMI seem to suggest that they are entitled to a presumption of ownership in the copyrights in issue because they, unlike Marvel, recorded an "assignment" of those copyrights from Stan Lee.  *See* AMT Counterclaims ¶¶ 10-11; SLMI Intervenor Complaint ¶¶ 9, 11-14.  Putting aside that the purported assignment is defective on its face because it fails to identify a single copyrighted work or copyright registration, even if the statute of limitations did not bar these claims, copyright law creates no such presumption.  *See Lottie Joplin Thomas Trust v. Crown Publishers, Inc.*, 456 F. Supp. 531, 536 (S.D.N.Y. 1977) (noting that "the parties have not cited, nor has the Court's research uncovered, a single case holding that a copyright Assignment on file with the Copyright Office is prima facie evidence of the facts stated therein" and concluding an assignment invalid under the 1909 copyright act), *aff'd*, 592 F.2d 651 (2d Cir. 1978).  In any event, the Second Circuit has already determined that Marvel has owned the subject copyrights outright since Marvel initiated their creation as works made for hire, *see Kirby*, 726 F.3d 119, and a copyright holder is not required to assign its copyrights to itself.

### D.    AMT's Counterclaims Fail Because SLMI Is an Administratively Dissolved Corporation That Lacks the Capacity To License AMT

AMT's counterclaims, together with the affirmative defenses premised on AMT's purported license from SLMI, fail for the additional reason that SLMI was administratively dissolved under Colorado law in August 2002.  *See* Singer Decl. Ex. 8.  Thus, SLMI was incapable of issuing a license to AMT.  Under Colorado law, a dissolved corporation may "not carry on any business except as is appropriate to wind up and liquidate its business and affairs."  Colo. Rev. Stat. § 7-114-105 (2013); *see also Hoppe v. Percheron Assocs., LLC*, No. 11-cv-03233-CBS, 2012 WL 3135378, at *6 (D. Colo. Aug. 1, 2012) ("In Colorado, a dissolved

19

corporation cannot conduct business unless it is to wind up or liquidate.").[14]  Entering into new license agreements is not "winding up."  *See* 19 Am. Jur. 2d Corporations § 2485 ("[T]he dissolution of a corporation terminates its power to hold property, and it cannot thereafter receive a grant of property or contract to purchase or convey it.").

Here, AMT alleges that SLMI granted it a license to use Spider-Man "in connection with the sale, offering for sale, advertising, performance and promotion of *Broadway: Now and Forever*."  AMT Counterclaims ¶ 17.  Granting a license is no way to wind up a business.  SLMI overstepped the limits Colorado places on dissolved corporations by purportedly issuing a license to AMT, and any license purportedly granted by SLMI would have been void *ab initio* as a result.

## CONCLUSION

For the foregoing reasons, the time has come for this Court to end once and for all SLMI's vexatious and repeatedly-rejected claims of ownership over the Marvel Characters.  Plaintiffs Disney and Marvel respectfully request that: (1) AMT's counterclaims against Disney and Marvel be dismissed in their entirety with prejudice; (2) Defendants' affirmative defenses to the extent they rely on SLMI's purported ownership of Spider-Man be stricken; and (3) SLMI's Intervenor Complaint be dismissed in its entirety with prejudice.

---

[14] This winding up includes only: (a) collecting its assets; (b) disposing of its properties that will not be distributed in kind to its shareholders; (c) discharging or making provision for discharging its liabilities; (d) distributing its remaining property among its shareholders according to their interests; and (e) doing every other act necessary to wind up and liquidate its business and affairs.  Colo. Rev. Stat. § 7-114-105 (2013).

Dated: February 14, 2014          By:    /s/ Wilson M. Brown

Wilson M. Brown, III
Wilson.Brown@dbr.com

Tonia Ann Patterson
Tonia.Patterson@dbr.com

**DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103-6996
Tel:  (215) 988-2718
Fax:  (215) 988-2757

James W. Quinn (admitted *pro hac vice*)
James.Quinn@weil.com

R. Bruce Rich (admitted *pro hac vice*)
Bruce.Rich@weil.com

Randi W. Singer (admitted *pro hac vice*)
Randi.Singer@weil.com

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000

*Attorneys for Plaintiffs Disney Enterprises,*
*Inc.; Wonderland Music Company, Inc.;*
*Cameron Mackintosh Ltd.; Marvel Characters,*
*Inc.; and Music Theatre International, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Wilson M. Brown, III, hereby certify that on the date set forth below I caused a true

and correct copy of the foregoing *Memorandum of Law in Support of Plaintiffs' Motion to*

*Dismiss Amended Counterclaims and Intervenor Complaint and to Strike Amended Affirmative*

*Defenses* to be filed electronically and be available for viewing and downloading from the

Court's electronic filing system (CM/ECF) by the following:

| | |
|---|---|
| Camille M. Miller, Esq. | David E. Landau |
| Melanie A. Miller, Esq. | Robert M. Palumbos |
| Cozen O'Conner | Duane Morris LLP |
| 1900 Market Street | 30 South 17th Street |
| Philadelphia, PA  19103 | Philadelphia, PA 19103-4196 |
| Phone: (215) 665-2000 | Phone: (215) 979-1000 |
| Fax: (215) 665-2273 | Fax: (215) 979-1020 |
| MMiller@cozen.com | landau@duanemorris.com |
| CMiller@cozen.com | rmpalumbos@duanemorris.com |
| *Attorneys for Defendants Entertainment Theatre Group, James D. Martin, Frederick W. Steudler, Jr., and Dwight H. Brubaker* | *Attorneys for Intervenor Stan Lee Media, Inc.* |

Dated: February 14, 2014                    /s/ Wilson M. Brown
                                                                  Wilson M. Brown, III, Esq.
                                                                  *Attorney for Plaintiffs*